THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DENNIS WELLS,

    Plaintiff,

vs.                                                                           Case No.

**ARMORED HOLDINGS CORP. dba**
**ARMORED ROOFING and KEEGAN**
**MANNING,**

    Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DENNIS WELLS, by and through his attorney, states as follows as his Complaint against Defendants ARMORED HOLDINGS CORP. dba ARMORED ROOFING and KEEGAN MANNING, and alleges as follows:

### INTRODUCTION

1. This is an action by Plaintiff against his former employer for violation of the minimum wage, overtime, and retaliation provisions pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA") and Florida's Minimum Wage Act ("FMWA"). Plaintiff seeks damages and a reasonable attorney's fee.

## PARTIES

2. Plaintiff Dennis Wells ("Wells" or "Plaintiff") currently resides in Port Richey, Florida and is a resident and citizen of the State of Florida.

3. Defendant Armored Holdings Corp. dba Armored Roofing. ("Armored" or "Defendant") is a Florida corporation with its principal place of business located at 1904 Blue River Road, Holiday, Florida, 34691

4. Defendant Keegan Manning ("Manning" or "Defendant") is the sole corporate officer for Armored and had control over Armored's financial affairs.

5. Wells worked for Armored as a roofer in the Florida counties of Pasco, Hillsborough, and Hernando.

## JURISDICTION AND VENUE

6. Venue is proper in this Judicial Circuit as all the events arising out of this cause arose in this Judicial District.

7. This action arises in part under 29 U.S.C. § 201, *et. seq.* of the FLSA. The Court has jurisdiction over the FLSA claims pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331 and 1337.

8. This action also arises pursuant to Fla. Const Art X Sec 24, Florida's State Minimum Wage Act.

9. Supplemental jurisdiction for state law claims is conferred by 28 U.S.C. §1367, as the Plaintiff's state and federal claims arise out of a common nucleus of operative fact, as more fully set forth below.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

10. Armored was an employer of Plaintiff as defined by the FLSA and FMWA.

11. Plaintiff has satisfied all conditions precedent to filing this action or the same have been waived.

12. Beginning on or about August 2016, the Plaintiff agreed to work for Armored.

13. It was specifically agreed and understood that the Plaintiff would work 40 hours per week, plus overtime. Armored accepted the benefits of Plaintiff's labor and suffered or permitted him to work from August 2016 through January 2017.

14. As part of his job duties, Plaintiff was required to store a work trailer at his residence. Plaintiff was regularly required to attach the trailer to a company vehicle in the morning to a company vehicle.

15. Plaintiff was regularly required to detach the trailer from a company vehicle in the evening and store the trailer at his residence.

16. Plaintiff would regularly spend multiple hours driving in company vehicles before reaching the worksite and then multiple hours after leaving the worksite.

17. Plaintiff was regularly required to pick-up other employees by using company vehicles.

18. Plaintiff was regularly required to order and pickup goods and materials from stores as part of his job activities.

19. If Plaintiff didn't drive a company vehicle to and from worksites, then he was required to be a passenger in a company vehicle.

20. Plaintiff did not have an option to make his own transportation arrangements.

21. Plaintiff was not receiving any compensation for these services.

22. Plaintiff also worked overtime, for which he was not compensated.

23. Plaintiff has retained the undersigned and has agreed to pay him a reasonable fee for said services.

## ENTERPRISE COVERAGE

24. Armored, upon the information and belief of Plaintiff, is covered by the FLSA's Enterprise Coverage. Armored is believed to have had annual gross revenue of more than $500,000 (and during the relevant period) evidenced, in part, by the following: 1) multiple weekly roofing contracts for labor and goods, 2) multiple full-time employees, 3) cash basis projects completed without permits on the weekends, and 4) multiple new company vehicles.

25. Armored and its employees ordered and delivered goods and materials to customers that needed their roofs replaced. Armored and its employees installed goods and materials purchased by customers.

## INDIVIDUAL COVERAGE

26. Under Armored's instructions, Plaintiff regularly utilized a company vehicle to: (1) transport himself and other employees; (2) carpooled with other employees; (3) transported goods, and materials to and from worksites; (4) picked up goods and materials from suppliers.

27. Plaintiff would receive materials and goods at the work site which were still moving in interstate commerce.

28. Armored sold roofing shingles and tiles to the homeowner and then installed the shingles and tiles as part of the sale of goods and materials.

29. In the alternative, even if Armored's income did not reach the $500,000.00 mark during the relevant timeframe, the Plaintiff has Individual Coverage via his job duties and his relationship with interstate commerce (as described in the preceding paragraph).

## Count I – Florida Minimum Wage Act, Fla. Const. Art X Sec 24

30. Plaintiff realleges paragraphs 1-29 above.

31. Armored failed to pay Plaintiff the Florida Minimum Wage for all hours worked in violation of the FMWA.

32. Plaintiff was damaged by Armored's failure to pay him the Florida Minimum Wages.

WHEREFORE, Plaintiff prays that this Court award the following relief:

a) a judgement that all Defendants violated the Florida Minimum Wage Act;

b) wages found to be due and owing;

c) An additional amount equal to the unpaid wages found to be due and owing as liquidated damages;

d) Pre-judgment interest in the event liquidated damages are not awarded;

e) Post-judgment interest;

f) Reasonable attorneys' fees and costs; and,

g) any other additional relief as the Court deems just and proper.

## Count II – FLSA Overtime

33. Plaintiff realleges paragraphs 1-29 above.

34. Armored failed to pay Plaintiff overtime due pursuant to the FLSA as described in part in Sec 7(a)(1) of the FLSA.

35. Plaintiff was damaged by Armored's failure to pay him overtime.

WHEREFORE, Plaintiff prays that this Court award the following relief:

a) a judgement that all Defendants violated the Fair Labor Standards Act;

b) wages found to be due and owing;

c) An additional amount equal to the unpaid wages found to be due and

1. owing as liquidated damages;

    d) Pre-judgment interest in the event liquidated damages are not awarded;

    e) Post-judgment interest;

    f) Reasonable attorneys' fees and costs; and,

    g) any other additional relief as the Court deems just and proper.

### Count III – FLSA Minimum Wage

36. Plaintiff realleges paragraphs 1-29 above.

37. Armored failed to pay Plaintiff the minimum wages due pursuant to the FLSA as described in part in Sec 6(a) of the FLSA.

38. Plaintiff was damaged by Armored's failure to pay him the Federal minimum wage.

    WHEREFORE, Plaintiff prays that this Court award the following relief:

    a) a judgement that all Defendants violated the Fair Labor Standards Act;

    b) wages found to be due and owing;

    c) An additional amount equal to the unpaid wages found to be due and owing as liquidated damages;

    d) Pre-judgment interest in the event liquidated damages are not awarded;

    e) Post-judgment interest;

    f) Reasonable attorneys' fees and costs; and,

    g) any other additional relief as the Court deems just and proper.

### Count IV – Retaliation

39. Plaintiff realleges paragraphs 1-29 above.

40. Armored failed to pay Plaintiff the minimum wages due pursuant to the FLSA as described in part in Sec 6(a) of the FLSA.

41. Armored failed to pay Plaintiff overtime due pursuant to the FLSA as described in part in Sec 7(a)(1) of the FLSA.

42. Plaintiff complained to Defendants Armored and Manning twice that Plaintiff was owed proper compensation for all hours worked.

43. Subsequent to Plaintiff's complaint to be paid wages, Armored terminated Plaintiff's employment.

44. Plaintiff was damaged by Armored's retaliation after Plaintiff complained to pay him the Federal minimum wage and Federal overtime.

WHEREFORE, Plaintiff prays that this Court award the following relief:

a) a judgement that all Defendants violated the Fair Labor Standards Act;

b) wages found to be due and owing;

c) An additional amount equal to the unpaid wages found to be due and owing as liquidated damages;

d) Pre-judgment interest in the event liquidated damages are not awarded;

e) Post-judgment interest;

f) Reasonable attorneys' fees and costs; and,

g) any other additional relief as the Court deems just and proper.

## Count V – Florida Minimum Wage Act, Fla. Const. Art X Sec 24 – Retaliation

45. Plaintiff complained to Defendants Armored and Manning twice that Plaintiff was owed proper compensation for all hours worked under the FMWA.

46. Subsequent to Plaintiff's complaint to be paid wages, Armored terminated Plaintiff's employment.

47. Plaintiff was damaged by Armored's retaliation after Plaintiff complained to pay him the Florida Minimum Wages.

WHEREFORE, Plaintiff prays that this Court award the following relief:

a) a judgement that all Defendants violated the Florida Minimum Wage Act;

b) wages found to be due and owing;

c) An additional amount equal to the unpaid wages found to be due and owing as liquidated damages;

g) Pre-judgment interest in the event liquidated damages are not awarded;

h) Post-judgment interest;

i) Reasonable attorneys' fees and costs; and,

h) any other additional relief as the Court deems just and proper.

### DEMAND FOR A TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Wells demands a trial by jury in this action.

Dated: April 3, 2017

Respectfully submitted,

/s/ Derek P. Usman
Florida Bar No. 0120303
Attorney for Plaintiff Dennis Wells
Primary Email: derek@usmanfirm.com
The Usman Law Firm, P.A.
14517 N 18th Street
Tampa, FL 33613
(813) 377-1197
(312) 528-7684 Fax
Attorney for Plaintiff