**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

DENNIS WELLS,

    Plaintiff,

v.                                                   Case No: 8:17-cv-779-T-30AEP

ARMORED HOLDINGS, CORP.
and KEEGAN MANNING,

    Defendants.

_____

## ORDER

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss Counts I through III (Doc. 8) and Plaintiff's Response in Opposition (Doc. 11). Upon review, the Court concludes that Defendants' motion should be granted. Counts I through III are dismissed without prejudice. The Court will allow Plaintiff fourteen days to amend his pleading.

**BACKGROUND**

Defendant Armored Holdings, Corp. is a roofing company that services the Florida counties of Pasco, Hillsborough, and Hernando; Defendant Keegan Manning is the sole corporate officer for Armored. Defendants employed Plaintiff Dennis Wells as a roofer from August 2016 to January 2017. According to Plaintiff, Defendants regularly required him to work without pay. After Plaintiff complained twice about the improper compensation, Defendants terminated his employment. Plaintiff subsequently filed this action, alleging that Defendants violated the Florida Minimum Wage Act ("FMWA") and

Fair Labor Standards Act ("FLSA") by failing to pay him the minimum wage (Counts I and III), failing to pay him overtime (Count II), and firing him in retaliation for asserting his statutory rights (Counts IV and V).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint when it fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation omitted). It must also construe those factual allegations in the light most favorable to the plaintiff. *Hunt v. Aimco Properties, L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016) (internal citation omitted).

To withstand a motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Pleadings that offer only "labels and conclusions," or a "formulaic recitation of the elements of a cause of action," will not do. *Twombly,* 550 U.S. at 555.

## DISCUSSION

To benefit from the FLSA and FMWA, an employee must demonstrate either that he is covered individually or his employer is covered as an enterprise under the FLSA. 29 U.S.C. § 206(a) (minimum wage); 29 U.S.C. § 207(a) (overtime); Fla. Stat. § 448.110(3) (FMWA covers only those employees entitled to receive the federal minimum wage under

the FLSA). Both kinds of coverage require a nexus with interstate commerce. *See* 29 U.S.C. § 203(b). To establish enterprise coverage, Plaintiff must allege facts illustrating that (1) Defendants' business had gross revenues of at least $500,000 and (2) it had "employees engaged in [interstate] commerce or in the production of goods for [interstate] commerce, or . . . handling, selling, or otherwise working on goods or materials that have been moved in or produced for [interstate] commerce." 29 U.S.C. § 203(b), (s)(1)(A). To establish individual coverage, Plaintiff must allege facts illustrating that he engaged in interstate commerce or in the production of goods for interstate commerce. 29 U.S.C. §§ 203(b), 207(a)(1). Plaintiff engaged in commerce if he "directly participat[ed] in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, *e.g.*, transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, *e.g.*, regular and recurrent use of interstate telephone, telegraph, mails, or travel." *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006) (citing 29 C.F.R. §§ 776.23(d)(2), 776.24). Plaintiff engaged in the production of goods for commerce if he regularly prepared, handled, or otherwise worked on goods which were sent out of state. 29 C.F.R. § 776.23(d)(2).

Defendants argue that Plaintiff has not alleged facts sufficient to establish either enterprise coverage or individual coverage. The Court agrees that Plaintiff has not demonstrated the required nexus to interstate commerce.

To establish enterprise coverage, Plaintiff alleges that Armored's employees ordered, delivered, and installed goods and materials purchased by customers who needed

3

their roofs repaired. (Doc. 1, ¶ 25.) This allegation cannot establish enterprise coverage because it does not indicate that the employees engaged in interstate commerce or that the goods and materials they handled have moved in interstate commerce. Plaintiff does not allege that the goods and materials previously traveled between states or that they will do so in the future.

To establish individual coverage, Plaintiff alleges that he regularly utilized a company vehicle. (Doc. 1, ¶ 26.) However, he does not allege any connection between this use and interstate commerce. (*Id.*) Plaintiff also alleges that he received roofing shingles and tiles which were "still moving" in commerce because Armored sold them to the homeowner before installing them. (*Id.* at ¶¶ 27-28.) Because Plaintiff's other factual allegations indicate that Armored sold and installed these items in Florida, the Court cannot reasonably infer that they were sent out of state. As a result, Plaintiff's allegations about shingles and tiles do not suggest that he engaged in the production of goods for interstate commerce.

While it is true that there is no heightened pleading standard under the FLSA, Plaintiff's Complaint must still comply with the Federal Rules. *See Burton v. Hillsborough Cty., Fla.*, 181 F. App'x 829, 839 (11th Cir. 2006). Plaintiff's factual allegations fail to establish how the job duties of Armored's employees had any connection to interstate commerce, or that he himself had any kind of regular involvement with interstate commerce. As a result, the Court must dismiss Counts I through III.

Defendants argue that the Court should dismiss Counts I through III with prejudice because Plaintiff cannot plead facts to establish either enterprise or individual coverage. In

the alternative, they ask the Court to convert their motion into a motion for summary judgment and grant summary judgment in their favor. In support of their argument, Defendants attached their 2016 tax return, which indicates that Armored's gross revenues were less than $500,000. (Doc. 8-1, pgs. 6-22.) They also attached a declaration by Defendant Manning, in which he states that Armored advertises only within Florida, serves only Florida customers, and purchases all materials for its roofing jobs from Florida vendors. (Doc. 8-1, pgs. 2-4). Based on this evidence, Defendants argue that Armored is not a covered enterprise and none of Armored's employees engage in interstate commerce.

First, the Court cannot consider the evidence submitted by Defendants unless it converts Defendants' motion to a motion for summary judgment. It would be unfair and inappropriate to do so at this stage in the litigation, given that Plaintiff has not yet been able to conduct discovery relevant to the issue of FLSA coverage. *See Jones v. City of Columbus, Ga.,* 120 F.3d 248, 253 (11th Cir.1997) (citations omitted) ("The law in this circuit is clear: the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion.")

Second, the Court disagrees that Plaintiff cannot state a claim upon which relief can be granted. Defendants' argument that they cannot be liable under the FLSA because Armored is a local business that buys all of its materials locally is without merit. Regardless of where Armored buys its materials, it may be subject to enterprise coverage under the FLSA's handling clause if those materials have an interstate commercial history (e.g., if they were produced out of state before being shipped to the Florida vendors). *Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217, 1222 (11th Cir. 2010). Thus, Plaintiff could

establish enterprise coverage by alleging that Armored's employees regularly handled materials that had moved between states before Armored purchased them. Alternatively, Plaintiff could establish individual coverage by demonstrating that he regularly used the instrumentalities of interstate commerce. He could also establish individual coverage if his roofing repair services were "directly essential to the production of goods for commerce." *Thorne*, 448 F.3d at 1268.

In sum, there is no reason to believe that allowing Plaintiff to amend his Complaint would be futile. The Court will grant Plaintiff fourteen days to do so.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants' Motion to Dismiss Counts I through III (Doc. 8) is granted.
2. Counts I through III are dismissed without prejudice.
3. Plaintiff may amend his pleading, if he wishes, within fourteen days of this Order.

**DONE** and **ORDERED** in Tampa, Florida, on July 20th, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record